UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| JEANETTE DEJARNETTE,<br><br>   Petitioner,<br><br>   v.<br><br>SAN BERNARDINO COUNTY<br>SHERIFF'S DEPT.,<br><br>   Respondent. | No. ED CV 14-128-JAK (PLA)<br><br>**ORDER TO SHOW CAUSE RE LACK OF EXHAUSTION** |

On January 21, 2014, petitioner filed a Petition for Writ of Habeas Corpus (the "Petition"), in which she challenges her 2012 conviction in the San Bernardino County Superior Court under California Penal Code § 192(c)(2). (See Petition at 2). For the reasons expressed below, it appears that the instant Petition is unexhausted.

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28

1  U.S.C. § 2254(b)(1).  Moreover, if the exhaustion requirement is to be waived, it must be waived
2  expressly by the state, through counsel.  See 28 U.S.C. § 2254(b)(3).

3  Exhaustion requires that petitioner's contentions be fairly presented to the state supreme
4  court even if that court's review is discretionary.  O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119
5  S.Ct. 1728, 144 L.Ed.2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077, n.3 (9th Cir. 2000).
6  Petitioner must give the state courts "one full opportunity to resolve any constitutional issues by
7  invoking one complete round of the State's established appellate review process" in order to
8  exhaust her claims.  O'Sullivan, 526 U.S. at 845.  A claim has not been fairly presented unless the
9  petitioner has described in the state court proceedings both the operative facts and the federal
10 legal theory on which her claim is based.  See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct.
11 887, 130 L.Ed.2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S.Ct. 509, 30 L.Ed.2d
12 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996); Bland v. California Dep't of
13 Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994), overruled on other grounds by Schell v. Witek,
14 218 F.3d 1017 (9th Cir. 2000).  Petitioner has the burden of demonstrating that she has exhausted
15 available state remedies.  See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

16 Here, it appears that petitioner has not exhausted her state judicial remedies in connection
17 with this matter.  (See "Memorandum of Law in Support . . ." ("Memorandum") at 7-8).  Although
18 petitioner states that she "exhausted all the remedies available in the State of California" in
19 appealing her conviction, she asserts that a "[p]etition for [r]eview in the California Supreme Court"
20 is "not available."  (See Memorandum at 7-8).  The Ninth Circuit has held that misdemeanor
21 appellants, like felony appellants, "must present their constitutional claims to the California
22 Supreme Court by means of state habeas petitions" before presenting them to the federal courts
23 for review.  See Larche v. Simons, 53 F.3d 1068, 1071-72 (9th Cir. 1995) ("although such review
24 by the California Supreme Court is discretionary, we have repeatedly held that felons must petition
25 state high courts for review, even when such review is discretionary.  We see no reason to make
26 felony appellants apply for discretionary review, but not make misdemeanor appellants do the
27 same.") (citations omitted).  Petitioner has not done so.  As the instant Petition thus appears to be
28

unexhausted, it is subject to being dismissed without prejudice. Greenawalt v. Stewart, 105 F.3d 1268, 1271, 1273-75 (9th Cir. 1997).

For the foregoing reason, **no later than February 18, 2014**, petitioner is ordered to show cause why the Petition should not be dismissed without prejudice for failure to exhaust state remedies. Filing by petitioner of an Amended Petition -- on the Central District of California's form Petition for Writ of Habeas Corpus, which must be filled out in its entirety -- clearly showing that petitioner has exhausted her state judicial remedies shall be deemed compliance with this Order to Show Cause. Any Amended Petition or other filing with the Court shall use the case number assigned to this action. **Petitioner is advised that her failure to timely respond to this Order will result in the action being dismissed without prejudice for failure to prosecute and follow Court orders.**

DATED: January 28, 2014

PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE